

*8212 3rd Avenue, Brooklyn NY 11228*

*917.397.1577 Office*

*718.395.1732 Fax*

*JIandolo@jiandololaw.com*

*Admitted in Ny & NJ*

June 24, 2026

<u>**Via ECF**</u>

Hon. Raymond Reyes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:** United States v. Ernest Aiello, et al.
      Case No. 25-CR-314 (RER)
      Request for Modification of Stipulation & Protective Order Governing Discovery (ECF
      <u>No.383)</u>

Dear Judge Reyes:

      I represent Defendant Ernest Aiello in the above-captioned matter. I respectfully submit this letter application seeking a limited modification of the Stipulation & Protective Order Governing Discovery entered at ECF No. 12.

      This application is made on behalf of Mr. Aiello and is joined by defense counsel, including but not limited to J. Froccaro, M. DeMarco, S. Leemon, M. Bachrach, E. Rothstein, G. Marrone, D. Stern, M. Lesko, Marco Laracca, J. Cistaro, and S. Fantauzzi, to the extent those counsel have authorized their participation. Other defense counsel have not yet been contacted or have not advised of their position.

      The Protective Order defines "Sensitive Discovery Material" to include materials containing sensitive witness information, law enforcement sensitive information, safety-related information, or other materials deemed by the Government to require heightened protection.

Paragraph 4(a) restricts Defendants from reviewing such materials except in the physical or virtual presence of counsel and prohibits Defendants from possessing or maintaining custody or control of such materials.

Defendants respectfully request a narrow modification of Paragraph 4(a) to permit meaningful review of recorded discovery outside the continuous presence of counsel, including authorization for Defendants to maintain personal copies of the recordings for review at their residences, and at the Metropolitan Detention Center, (MDC) subject to all confidentiality protections in the Protective Order.

The recordings at issue are central to the Government's case, constitute a substantial portion of its anticipated proof, and require repeated and detailed review to identify speakers, assess context, evaluate statements, and prepare for trial.

Upon information and belief, the principal basis for designation of the recordings as Sensitive Discovery Material was the protection of the identity and safety of a cooperating witness. However, after extensive review with counsel, the identity of the cooperating witness is apparent from the recordings themselves and is now known to Defendants who have reviewed the material. Accordingly, the primary justification for the heightened restriction has been substantially diminished.

Prior to filing this application, undersigned counsel emailed the three Assistant United States Attorneys assigned to this matter on June 15, 2026, requesting the Government's position and attempting to resolve this issue without Court intervention. No response has been received from any of the assigned Assistant United States Attorneys.

Given the absence of any response and the necessity of resolving this issue in advance of trial, Court intervention is required. Trial is presently scheduled to commence in early November 2026, and Defendants must immediately begin sustained and repeated review of the recordings in order to meaningfully prepare for trial. The current restrictions materially prejudice that preparation.

The Second Circuit recognizes that protective orders may be modified upon a showing of good cause or changed circumstances. *See Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2d Cir. 1979); *Geller v. Branic Int'l Realty Corp.,* 212 F.3d 734, 738 (2d Cir. 2000). Courts retain discretion to modify protective orders where continued enforcement is more restrictive than necessary to serve their purpose. It is important to note that the co-operating witnesses, did not rely on the Protective Order, to further their cooperation[1].

---

[1] "[o]nce a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" AT&T Corp. v.

Here, circumstances have changed. The principal justification for the heightened restriction—the protection of a cooperating witness—has been substantially mitigated given that the identity of the cooperating witness is apparent from the recordings and known to Defendants who have reviewed them.

The Sixth Amendment guarantees not only the right to counsel, but the meaningful ability of a defendant to consult with counsel and assist in the preparation of a defense. *See Geders v. United States*, 425 U.S. 80, 88–89 (1976); *Powell v. Alabama*, 287 U.S. 45, 68–69 (1932).

The recordings at issue constitute core evidence in the case and require extensive, repeated review. The current restriction, which limits review to counsel-supervised settings, prevents Defendants from independently engaging with critical evidence necessary to identify speakers, evaluate context, and assist counsel in preparing for trial. This restriction materially impairs Defendants' ability to exercise their Sixth Amendment rights in a meaningful and practical manner.

Defendants do not seek unrestricted dissemination of Sensitive Discovery Material. Rather, Defendants request a limited modification permitting Defendants to review recordings designated as Sensitive Discovery Material outside the continuous physical or virtual presence of counsel and to maintain personal copies of such recordings at their residences and at the MDC solely for purposes of case preparation, subject in all respects to the existing confidentiality protections set forth in the Protective Order, including without limitation the prohibitions on copying, dissemination, distribution, or disclosure to any third party outside the defense team.

These safeguards preserve the Government's legitimate confidentiality interests while ensuring Defendants have a meaningful opportunity to review and analyze evidence central to the prosecution.

For the foregoing reasons, Defendants respectfully request that the Court modify Paragraph 4(a) of the Stipulation & Protective Order Governing Discovery (ECF No. 383) to permit Defendants to (i) review Sensitive Discovery Material without the continuous presence of counsel and (ii) retain personal copies of the recordings for review at their residences, and at the MDC subject to appropriate protective safeguards as the Court deems necessary.

Sincerely,

*Jeremy M. Iandolo, Esq. /s/*

---

Sprint Corp., 407 F.3d 560, 562 (2d Cir. 2005) (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979)); see also Schiller v. City of New York, Nos. 04 Civ. 7921 & 7922 (KMK)(JCF), 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007).